IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:23-cv-00634-BO-RJ

| | |
|---|---|
| JANESE HOLDER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOCO HOSPITALITY GROUP, LLC )<br>d/b/a CHICK-FIL-A, )<br>)<br>Defendant. ) | **CONSENT PROTECTIVE AND<br>CONFIDENTIALITY ORDER** |

Pursuant to Rule 26(c) of the North Carolina Rules of Civil Procedure and upon consent of Plaintiff Janese Holder ("Plaintiff") and Defendant Joco Hospitality Group, LLC d/b/a Chick-fil-A ("Defendant") (collectively the "Parties"), the Parties to this action have agreed that certain categories of documents, information, and testimony should receive confidential treatment. This Consent Protective and Confidentiality Order is made and entered into by and between the Parties' respective counsel of record to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as "Confidential" or "Highly Confidential," and ensure that protection is afforded only to material so designated.

Accordingly, pursuant to Rule 26(c) and upon agreement of counsel for the Parties, good cause having been shown, and the Court deeming it just and proper to do so, it is hereby ORDERED that:

## I. DEFINITIONS

As used in this Order, the following words and phrases shall have the following meanings:

a. "Party" or "Parties" mean any or all Parties to this action, any signatories to this Order, their employees, agents, and representatives.

b. "Document" shall be construed in its broadest sense and shall include but not be limited to every original (and every copy of any original or copy which differs in any way from any original) of any written, printed, typed, recorded, photographic, transcribed, or graphic or digital matter however produced or reproduced, including film impressions, magnetic tape, sound or mechanical reproductions, audiotapes, videotapes and/or any information contained within computer hard drives, storage discs, or any other means of storage or maintenance of electronic media. "Documents" include, but are not limited to, all physical and electronic forms of correspondence, letters, transcripts, minutes, tapes, recordings, memoranda, notes, drafts, employment records, other analyses, ledgers, journals, pages, books or records of accounts, contracts, agreements, statements, purchase orders, receipts, invoices, shipment records, delivery records, balance sheets, income statements, financial statements, statistical records, notices, assignments, reports, valuations, evaluations, any other writings regardless of by whom prepared or to whom addressed and regardless of whether the document is an original or a copy or whether sent or received. The term document shall also include any other form of reporting, storing, maintaining, or indexing information including, but not limited to, electronic, computer, magnetic, microfilm, hard copy, and other forms of storage.

c. "Designated Material" or "Designated Information" means information or documents that the Designating Party has identified as either "Confidential" or "Highly Confidential."

d. Information designated as "Confidential" is information that a Party in good faith believes reveals confidential business, medical, financial, professional, or personal information of a sensitive nature that is provided in connection with this matter and which the Designating Party would not normally reveal to third parties except in confidence.

e. Information designated as "Highly Confidential" is information that is (a) is not in the public domain; (b) contains highly sensitive financial or other business information of the Designating Party which the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious financial injury or competitive harm, and which the Designating Party would not normally reveal to third parties except in confidence.

f. "Designating Party" means the Party or Non-Party who so designates the protected information.

g. "Receiving Party" means each Party or Non-Party to whom such information was produced or disclosed.

## II. SCOPE OF PROTECTED INFORMATION

In the course of discovery in this action, the Parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, commercial or financial information, personally identifiable information ("PII"), or other information, the

disclosure of which could cause harm to the designating Party or a Non-Party. The Parties anticipate production of the following categories of protected information:

   a. Non-public business information and records, the disclosure of which could result in competitive or economic harm to any person or entity, or invade the privacy of individuals;

   b. Personnel and employee files which may include payroll, compensation, benefit, medical information, and performance evaluations;

   c. Information that, if disclosed and used by anyone other than the Parties in this litigation, may result in undue hardship, unfair competition, improper disclosure of trade secrets, a loss of the inherent value of such information, or a violation of confidentiality or privacy of a Party or Non-Party;

   d. Any confidential and proprietary information that may be discovered or produced through the inspection of any Party's electronic data regardless of where stored, including through the inspection of any personal or business computer by any Party's expert.

   e. Any other information that a Party or Non-Party believes in good faith contains trade secret, propriety, and/or confidential business or personal information.

**III.   DESIGNATION OF PROTECTED INFORMATION**

During the pendency of this action, unless otherwise ordered by the Court, the following procedures shall govern the discovery and exchange of documents and information in the above-captioned action:

   a. Documents and other material claimed to be Confidential or Highly Confidential Material shall, prior to production, be marked by the producing Party as

"Confidential" or "Highly Confidential" or by otherwise notifying counsel of this designation in writing. Copies, extracts, summaries, notes, and other derivatives of Confidential or Highly Confidential Material also shall be deemed Confidential or Highly Confidential Material and shall be subject to the provisions of this Order.

b. Documents and other material produced that are not identified as "Confidential or Highly Confidential" at the time of production or within the applicable time frames specified in sub paragraphs (c) or (e) herein, may thereafter be identified as such by any Party by written notice served on each Party. In this event, each Party who receives such written notice shall endeavor to retrieve any Confidential or Highly Confidential Material that may have been disseminated, shall affix the appropriate designation to it, shall notify all persons to whom such Confidential or Highly Confidential Material was disseminated of the restrictions on the use and dissemination of such information, and shall thereafter distribute it only as allowed by this Protective Order; however, no distribution prior to the receipt of such written notice shall be deemed a violation of this Protective Order.

c. Application to Non-Parties: In the case of Confidential or Highly Confidential Material produced or provided by Non-Parties, whether pursuant to subpoena, voluntarily, or otherwise, any designation of material that either Party contends contains Confidential Material may be done within thirty (30) days of receipt of the information by counsel for the Party claiming confidentiality. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Designated Information under the terms of this Order to any other person or entity except as set forth in this Order. No dissemination of the Confidential Material to persons not

bound by the provisions of this Protective Order shall be made before the thirty (30) days expires. Counsel for the Parties may modify this procedure through agreement in writing without further Court Order. The provisions, protections, and limitations in this Order shall apply and extend equally to Non-Parties. If a Non-Party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as *Exhibit A*.

d. Timing: Confidential or Highly Confidential Designations may be made at any time. Whenever reasonably possible, the Designating Party should designate information at the time of, or prior to, production or disclosure.

e. Deposition Testimony: Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as Confidential as part of one or more specific depositions. To retain any designations beyond the provisional period, when reasonably possible, a Designating Party shall designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations shall be made in writing and provided to all counsel and court reporters.

f. Manner of Designation: A Designating Party shall designate information or documents as follows:

1. Documents produced in paper form, as PDF files, or as a combination of image and load files shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of each designated document. Such stamp

shall not obscure the content of the document, nor shall it impair the usability of the document;

2. Documents produced in native format shall, to the extent practical, have a footer containing the legend, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", on each page;

3. In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or may be done within thirty (30) days of receipt of the transcript of the deposition by counsel for the Party or Non-Party claiming confidentiality. No dissemination of the transcript to persons not bound by the provisions of this Protective Order shall be made before thirty (30) days after the Party that produced the material disclosed during the deposition receives the transcript from the court reporter or counsel for any Party. If the Confidential or Highly Confidential designation is made during the course of a deposition, the reporter shall write or stamp the word "Confidential" or "Highly Confidential" on the cover and each page of the relevant portions of the transcript. If the designation is made following review of the transcript, the Party so designating shall write or stamp the word "Confidential" or "Highly Confidential" on each page the Party wishes to so designate and submit a request for such subsequent designation to the reporter for inclusion in the final transcript. Counsel for the Parties may modify this procedure for any particular deposition through agreement in

writing or by statement on the record in a deposition prior to or at such deposition, without further court order.

g. Other types of information may be designated in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party shall promptly confirm in writing the designation.

h. The Parties reserve the right to seek guidance from the Court regarding the specification of appropriate safeguards concerning previously designated material and the use of the information or documents as evidence at trial or may do so by later agreement at or before trial.

II. **CHALLENGES TO DESIGNATED INFORMATION**

a. In the event that a Receiving Party disagrees with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days.

b. Once a Receiving Party declares in writing that informal resolution efforts have failed, the Designating Party shall have 15 days in which to file and serve a Motion for Protective Order. If such Motion is timely filed and served, the designated information will remain protected under this Order until the Motion is ruled upon by the Court. If the Designating Party fails to timely file and serve a Motion for Protective Order, the disputed documents shall lose all protections afforded by this Order. The failure of any Receiving Party to challenge a designation does not

constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material. The Designating Party carries the burden of establishing the propriety of the designation and protection level.

III. **LIMITED ACCESS/USE OF PROTECTED INFORMATION**

    a. <u>Restricted Use of Designated Information:</u> Designated Information that is produced or exchanged in the course of this action may be used solely for the preparation for trial, during trial, and during the pendency of any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No Designated Information may be disclosed to any person except in accordance with the terms of this Order. All receiving Parties in possession of Designated Information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena in another action that seeks production or disclosure of any Designated Information and consulting with the Designating Party before responding to the subpoena.

    b. <u>Violation of this Order; Sanctions</u>: Any use or disclosure of Designated Information in violation of the terms of this Order may subject the disclosing person or Party to sanctions. Counsel of record are responsible for employing reasonable measures to control, consistent with this Stipulated Consent Protective Order, duplication of, access to, and distribution of copies of documents and/or other materials containing

Confidential Materials. The Parties shall not duplicate any documents and/or other items containing Confidential Materials except working copies and copies to be filed in Court pursuant to this Order.

c. <u>Access to "Confidential" Information</u>: The Parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1. The Parties, including their agents and employees who are assisting or have reason to know of this action, and the Defendant's insurer(s);

2. Counsel of record for the Parties and their staff, including their assistants, associates, paralegals, clerks, stenographic personnel, those individuals specifically acting at the direction of counsel, and the Company's management assigned to and necessary to assist such counsel in the preparation or trial of this action provided those persons are informed of the obligations hereunder;

3. The Court, its personnel, and its court reporters;

4. Any stenographer or videographer engaged in connection with this litigation;

5. Persons retained by the Parties or their counsel for purposes of this litigation, including, without limitation, e-discovery vendors;

6. Experts or consultants employed by the Parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

7. Deponents/witnesses designated by a Party, including experts provided that such witnesses expressly agree to comply with the terms of this Protective

Order and provided that such witnesses shall be allowed to review the CONFIDENTIAL documents or information, but shall not be provided with copies of the CONFIDENTIAL documents or information. The witness shall sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

8. Other witnesses or persons with the Designating Party's consent or by Court Order.

d. Access to "Highly Confidential" Information: The Parties and all persons subject to this Order agree that information designated as "HIGHLY CONFIDENTIAL" may only be accessed or reviewed by the following:

1. The Court, its personnel, and its court reporters;

2. Counsel of record for the Parties and their staff, including their assistants, associates, paralegals, clerks, stenographic personnel, those individuals specifically acting at the direction of counsel, and the Company's management assigned to and necessary to assist such counsel in the preparation or trial of this action provided those persons are informed of the obligations hereunder;

3. Any stenographer or videographer engaged in connection with this litigation;

4. Persons retained by the Parties or their counsel for purposes of this litigation, including, without limitation, e-discovery vendors;

5. Experts or consultants employed by the Parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

6. Other witnesses or persons with the Designating Party's consent or by court order.

e. <u>Review of Witness Acknowledgments:</u> Counsel shall retain all executed copies of the acknowledgement found attached as Exhibit A. If the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

f. <u>Non-Waiver Effect of Designations:</u> Except as expressly provided in this Order, neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any Party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law. This Order is without prejudice to all rights of Parties and Non-Parties regarding objections as to discovery and admissibility.

g. <u>Use of Designated Information in Filings:</u> In the event a Party wishes to use Designated Information in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this lawsuit, such affidavits, briefs, memoranda of law or other papers so filed shall be designated as follows: "Confidential Information – Subject to Protective Order" or "Highly Confidential Information – Subject to Protective Order." Such documents shall be maintained under seal by the Court

and treated by the Court in accordance with the provisions of this Protective Order relating to "Confidential" or "Highly Confidential" Information.

    h.    <u>Admissibility of Designated Materials at Trial:</u> Nothing in this Order shall be construed as a waiver by a Party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

## VI. CLAW-BACK REQUESTS

    a.    <u>Failure to Make Designation</u>:  If, at any time, a Party or Non-Party discovers that it produced or disclosed privileged or protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly designated information. Within 15 days of receiving the claw-back notification, the Receiving Party must: (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

    b.    <u>Inadvertent Production of Privileged Information</u>: Absent a clear indication of the intent to waive such privilege or protection, an inadvertent disclosure of

Confidential, Highly Confidential, privileged, or trial preparation materials, including but not limited to metadata and other such information, shall not deemed a waiver or forfeiture of such privilege or protection provided that the Party making the production or disclosure promptly identifies any such documents and/or metadata mistakenly produced after discovery of the inadvertent production. If, at any time, a Party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly. Whenever reasonably possible, the producing Party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon destroy the information subject to the claimed protection and certify the destruction in writing to the Producing Party. The Parties further agree that, upon request, any such mistakenly produced documents/metadata shall be returned. In the event of a dispute over use of any privileged materials, the receiving Party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

VII. **DURATION/CONTINUED RESTRICTIONS**

    a. <u>Handling of Designated Information Upon Conclusion of Action</u>: Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party must, upon request, certify to the Designating Party that all Designated Information hereunder has been destroyed by all Parties and witnesses

for whom that Party is responsible. Notwithstanding the above requirements to destroy documents, counsel of record for a Party may retain one (1) copy of any document designated as "Confidential" or "Highly Confidential" for internal filing purposes, insurance requirements, and/or to preserve records exchanged by the Parties during the course of the litigation. Counsel of record may also retain one copy of any documents filed with the Court containing Designated Information.

b. <u>Continued Restrictions Under this Order</u>: The restrictions on disclosure and use of confidential information shall continue to be binding after the conclusion of this action unless otherwise agreed in writing or ordered by the Court.

c. <u>Continuing Obligations Under this Order</u>: Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Materials shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on the use of any Confidential Materials disclosed pursuant to this Agreement.

## VIII. FILING DOCUMENTS UNDER SEAL

a. Any Party that seeks to file any document, or any portion of a document, under seal, must comply with the requirements of the North Carolina Rules of Civil Procedure and any applicable local rules.

b. Any Party objecting to the protection of a sealed document must first confer with the Party that originally moved for protection of that document. If the Parties cannot reach a good-faith resolution, then the Party challenging the protection of the document must move the Court to remove the protection.

c. If the filing Party is not the Party claiming confidentiality or is not claiming it as to all of the items, the filing Party should meet-and-confer with the other Party to allow the Party claiming confidentiality to request to file the document(s) at issue under seal.

IX. **MISCELLANEOUS**

a. Nothing herein shall preclude the Parties from raising any available objection, or seeking any available protection, including but not limited to the grounds of the admissibility, materiality, trial preparation materials, and privilege.

b. The Parties agree that no failure or delay in exercising any right, power, or privilege granted in this Order shall operate as a waiver of any such right, power, or privilege granted in this Order.

c. The Parties stipulate and agree that this Order shall be effective once entered, and retroactive to the date it was agreed by counsel.

d. This Order may be modified only by further Order.

X. **MODIFICATION OF AGREEMENT**

a. Any Party may apply to the Court for a modification of this Consent Order, and nothing herein shall be deemed to prejudice or waive any Party's right to seek such a modification.

IT IS SO ORDERED, this the **16** day of **April**, 2024.

*Terrence Boyle*
Honorable Terrence W. Boyle
U.S. District Court Judge

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:23-cv-00634-BO-RJ

| | |
|---|---|
| JANESE HOLDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CERTIFICATION** |
| ) | |
| JOCO HOSPITALITY GROUP, LLC ) | |
| d/b/a CHICK-FIL-A, ) | |
| ) | |
| Defendant. ) | |

I acknowledge that I have read and understand the Consent Protective and Confidentiality Order (the "Protective Order") entered by the Court on _____, 2024, and agree to abide by its terms and conditions. I subject myself to the jurisdiction and venue of the United States District Court, Eastern District of North Carolina, Western Division for purposes of enforcement of this Order.

_____
Signature

_____
Print Name

_____
Address

_____

_____
Telephone